UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DEBORAH HAYES, etc., | ) |
| Plaintiff, | ) |
| vs. | ) CV95-S-3049-NE |
| 1ST MED, DR. GEORGE LUCKEY, | ) |
| Defendants. | ) |

**ENTERED**

MEMORANDUM OPINION      MAR 2 4 1997

This action is before the court on plaintiff's motion to compel defendant Dr. George Luckey to answer interrogatory No. 15:

> 15. Have you ever been required to or asked to submit to the testing of urine or blood for the presence of alcohol or other drugs? If so, please state the date, location, by whom you were requested to submit to the testing for alcohol or drugs, the results of such testing and any action which was taken by the requesting party subsequent thereto.

(Plaintiff's Motion to Compel, at 1-2.) Pursuant to court order, Dr. Luckey has submitted a response for *in camera* inspection, but continues to object to discovery of the subject matter inquired about. His objections are based upon the following: Alabama Code §§ 6-5-551, 22-21-8, 34-24-404; and, 42 U.S.C. §§ 290dd-2 and 290ee-3.

## I. DISCUSSION

### A. Alabama Code § 6-5-551

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omissions upon which his claim

24

> is based; provided, however, that any such amendment must be made at least 90 days before trial. <u>Plaintiff shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission</u>. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted.

Alabama Code § 6-5-551 (emphasis added). Defendant suggests the discovery sought in this case is similar to the discovery sought in *Ex Parte Northport Health Service*, 682 So.2d 52 (Ala. 1996). In that case, the Alabama Supreme Court refused to allow discovery of disciplinary records, evaluations, and documents relating to "other acts" evidence. *Id*. at 53, 56. Specifically, the court refused discovery of "evidence of acts of abuse, mistreatment or neglect of residents in the nursing home facilities other than those that resulted in the severe bruising, hospitalization and death of Pearl Smith." *Id*. at 53. The court cited Alabama Code § 6-5-551 for the proposition that plaintiffs are "barred from seeking discovery of 'similar acts' evidence or 'pattern and practice' evidence" in medical malpractice actions. *Id*. at 56.

The holding in *Northport* is not controlling, because plaintiff's interrogatory does not seek to expose a "pattern and practice" of wrongdoing by Dr. Luckey. Instead, plaintiff seeks to determine if Dr. Luckey had a drug and/or alcohol addiction during the time he administered treatment to plaintiff's decedent. Clearly, evidence that might suggest Dr. Luckey was under the influence of drugs or alcohol when he attended to the deceased would be relevant on the issue of whether he breached the

applicable standard of care. Thus, this court concludes interrogatory No. 15 relates directly to the care provided to the deceased, and not to "similar acts" or "pattern and practice." Therefore, Alabama Code § 6-5-551 does not prevent plaintiff from discovering that information.

**B.   Alabama Code § 22-21-8**

Alabama Code § 22-21-8(b) provides, in pertinent part:

> All accreditation, quality assurance credentialing and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities. ...

Plaintiff has not sought any accreditation, quality assurance credentialing, or other similar materials. That statute, therefore, has no applicability to the information requested by interrogatory No. 15, and any objection based on that statute is due to be overruled.

**C.   Alabama Code § 34-24-404**

> <u>All information, interviews, reports, statements, memoranda, or other documents furnished to or produced by the Alabama impaired physicians committee and any findings, conclusions, recommendations or reports resulting from the investigations, interventions, treatment or rehabilitation, or other proceedings of such committee are declared to be privileged and confidential</u>. All records and proceedings of such committee shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper function of the committee and shall not be public records nor available for court subpoena or for discovery proceedings. Nothing contained herein shall apply to records made in the regular course of business of a physician, osteopath, hospital or other health care provider, and information, documents or records otherwise available from original sources are not to be construed

3

> as immune from discovery or use in any civil proceedings merely because they were presented or considered during the proceedings of the Alabama physicians committee.

Alabama Code § 34-24-404 (emphasis added). Plaintiff has not sought records from the Alabama Impaired Physicians Committee ("AIPC"). Yet, this is not the end of the inquiry. Plaintiff is not allowed to discover any "information, interviews, reports, statements, memoranda, or other documents furnished to or produced by" the AIPC. *Id.* Also, plaintiff is not allowed to discover any "findings, conclusions, recommendations or reports resulting from the investigations, interventions, treatment or rehabilitation, or other proceedings of such committee." *Id.* To the extent plaintiff's motion to compel seeks discovery of any of the foregoing information, it is due to denied.

**D. 42 U.S.C. §§ 290dd-2 & 290ee-3**

In 1992, 42 U.S.C. § 290dd-2 (Supp. 1996) was amended, substituting the provisions that were previously set forth in 42 U.S.C. § 290ee-3. 42 U.S.C. § 290ee-3 was omitted by that same amendment. 42 U.S.C. § 290dd-2(a)(Supp. 1996) provides:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted regulated, or directly or indirectly assisted by any department or agency of the United States shall ... be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

Plaintiff does not seek any records or other information from any substance abuse program Dr. Luckey may have attended; plaintiff

4

seeks an answer from defendant Luckey. Therefore, that section's limitations are inapplicable.

## II. CONCLUSION

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this __21st__ day of March, 1997.

_____
United States District Judge

5