UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DEBORAH HAYES, etc.,   )
    Plaintiff,   )
    )
vs.   )    APR 1 5 1997   CV95-S-3049-NE
    )
1ST MED, DR. GEORGE LUCKEY,   )
    )
    Defendants.   )



ENTERED

## MEMORANDUM OPINION

Plaintiff brings this action as the executrix of the estate of her deceased mother, Aurora B. Billarreal. The decedent presented to 1st MED on November 26, 1993, complaining of chest pains. She was examined by Dr. George Luckey, who allegedly failed to diagnose or treat her condition of "congestive heart failure." (Plaintiff's Complaint, ¶ 5.) The following day, November 27, 1993, Ms. Billarreal suffered a cardiac arrest and died. Plaintiff claims that the "arrest and resultant death was causally connected to her undiagnosed and untreated congestive heart failure." (Id.)

This action presently is before the court on the motion for summary judgment filed by both defendants. Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes defendants' motion is due to be granted in part, but denied in part.

## I. DISCUSSION

**A.  1st MED**

"Plaintiff ... avers that the Defendant, Dr. George Luckey, was an agent, servant or employee of 1st MED on November 26, 1993, and furthermore was acting within the line and scope of his duty

26

and employment for and on behalf of the defendant, 1st MED, at said time and place." (Plaintiff's Complaint, ¶ 6.) In response, 1st MED claims it is not vicariously liable to plaintiff for Dr. Luckey's conduct, because Dr. Luckey was an independent contractor, and not its employee or agent.

To recover against a defendant under the theory of *respondeat superior*, plaintiff must "establish the status of master and servant and that the act was done within the scope of the servant's employment." *Solmica of the Gulf Coast, Inc. v. Braggs*, 232 So.2d 638, 639 (Ala. 1970).

> When determining whether someone is an independent contractor or whether an employer-employee relationship exists, the courts look to the reserved right of control rather than the actual exercise of control. *Weeks v. C.L. Dickert Lumber Co.*, 270 Ala. 713, 121 So.2d 894 (1960). An employer-employee relationship is not established if the right of control does not extend any farther than directing what is to be ultimately accomplished. But if an individual retains the right to direct the manner in which the task is to be done if that individual does in fact dictate the manner of operation, then an employer-employee relationship is established. *Weeks*, 270 Ala. 713, 121 So.2d 894.
>
> Certain factors which demonstrate a right to control include (1) direct evidence which demonstrates a right of exercise of control, (2) the method by which the individual receives payment for his services, (3) whether equipment is furnished or not, and (4) whether the individual has the right to terminate. *White v. Henshaw*, 363 So.2d 986 (Ala. Civ. App. 1978).

*Turnipseed v. McCafferty*, 521 So.2d 31, 32-33 (Ala. Civ. App. 1987).

1st MED presents the affidavit of its medical director, Dr. Daniel R. Morgan, who states:

> Dr. George Luckey worked as an independent contractor for 1st Med. Dr. Luckey was paid an hourly rate for his

2

>services and was not provided with any benefits or insurance by 1st Med. The care and treatment Dr. Luckey provided to patients who presented to 1st Med was completely determined by and left to the sole discretion of Dr. Luckey. At no time or in no fashion did 1st Med or any of its officers, agents or staff attempt to direct, supervise or control the treatment and care Dr. Luckey provided to patients presenting to 1st Med.

(Affidavit of Dr. Morgan, at 1.)

Plaintiff has failed to present any evidence in response, indicating that an employer-employee relationship existed between Dr. Luckey and 1st MED. Instead, plaintiff's counsel asserted in his response to defendants' motion for summary judgment (filed February 10, 1997) that "Plaintiff has not had an opportunity to depose Dr. Morgan in order to be in a position to properly respond to and oppose the motion for summary judgment filed by the Defendant, 1st MED." (Plaintiff's Response, ¶ 4.) This court construed plaintiff's response as a

>motion to amend both this court's May 13, 1996 Scheduling Order and the January 16, 1997 Order regarding submission of the pending motion for summary judgment, to allow discovery to be reopened for purposes of deposing defendant Dr. George Luckey and Dr. Daniel Morgan.

(Order entered February 20, 1997). Plaintiff's counsel failed to present affidavits showing why the "party opposing the motion [for summary judgment] ... cannot for reasons stated present by affidavit facts essential to justify the party's opposition" as required by Rule 56(f) Fed.R.Civ.P. Instead, counsel merely alleged that "Plaintiff has not been able to obtain this testimony prior to the cut-off date of February 6, 1997 which was entered by this Honorable Court on January 16, 1997." (Plaintiff's Response,

3

¶ 6.) Accordingly, this court denied the requested relief, by order entered February 20, 1997.

Thus, plaintiff has failed to come forward with any evidence that an employer-employee relationship existed between Dr. Luckey and 1st MED at the time Dr. Luckey examined the deceased. Because 1st MED's liability is based solely upon the theory of *respondeat superior*, and because plaintiff cannot establish an employer-employee relationship between the two defendants, 1st MED is due to be dismissed from this action.

B.   Dr. Luckey

Dr. Luckey claims he also is entitled to summary judgment because the undisputed expert testimony establishes that he did not breach the standard of care. (Defendant's Brief, at 7.) Dr. Luckey submits his own affidavit in which he states:

> At the time I treated Ms. Billarreal, I complied with the accepted standards of my profession. At no time did I deviate from the standard of care required of a Board Certified family practitioner treating a patient such as decedent.

(Affidavit of Dr. Luckey, at 2.)

"To establish a physician's negligence, the plaintiff ordinarily must proffer expert medical testimony as to what is or is not the proper practice, treatment, or procedure." *Complete Family Care v. Sprinkle*, 638 So.2d 774, 777 (Ala. 1994). To ultimately prevail, plaintiff must establish the standard of care, the doctor's deviation from that standard, and a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the deceased. *Id.*

4

Plaintiff presents the affidavit of Dr. Duaine Murphree, who is board-certified by the American Board of Family Practice. (Plaintiff's Evidentiary Submission, Exhibit 1.) Dr. Murphree states that he is familiar with the "minimum standard of care which existed in the medical community relative to the diagnosis, care and treatment of a patient such as Aurora Billarreal who presented to 1st Med on November 16, 1993." (*Id.*, ¶ 1.) Dr. Murphree is of the opinion that Dr. Luckey breached the applicable standard of care, and that "proper diagnosis and treatment of her congestive heart failure would probably have saved her life." (*Id.*, ¶ 2c.) Dr. Murphree's affidavit represents sufficient evidence to dispute Dr. Luckey's testimony that he complied with the applicable standard of care. Therefore, Dr. Luckey's request for summary judgment is due to be denied.

## II.  CONCLUSION

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 15th day of April, 1997.

                                                                                                                [signature]

                                                   United States District Judge