UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DEBORAH HAYES, Executrix of the )
estate of Aurora Billarreal, )
deceased, )
)
            Plaintiff, )
)
vs. )        Civil Action No. CV-95-S-3049-NE
)
DR. GEORGE LUCKEY, )
)                **ENTERED**
            Defendant. )
                                    **DEC 1 1 1997**

## MEMORANDUM OPINION

This is a diversity case.  Plaintiff is a resident of the State of New York.  She seeks damages from an Alabama physician who rendered medical treatment to her deceased mother.  She contends the doctor failed to comply with the appropriate standard of care when examining her mother,[1] and that such failure caused her mother's death.[2]

---

[1] See Ala.Code § 6-5-542(2) (1975)(1993 Replace.Vol.), providing:

(2) STANDARD OF CARE.  The standard of care is that level of such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in like cases.  A breach of the standard of care is the failure by a health care provider to comply with the standard of care, which failure proximately causes personal injury or wrongful death. ...

[2] The underlying facts are not important to the resolution of the issue facing this court and, therefore, are reduced to this marginal note.  During the Thanksgiving holidays of 1993, Aurora Billarreal, drove from her home in Rock Island, Illinois to Huntsville, Alabama, where her daughter (plaintiff herein) then was residing.  The day after Thanksgiving, Mrs. Billarreal was examined by defendant at a "walk-in" medical clinic.  She principally complained of soreness of the gums, and, discomfort and soreness in her chest when she coughed.  She gave a history of angina, hypertension (for which she was taking "Accutril"), and a heart attack in 1990.  In addition to a physical examination, two X-rays were taken of Mrs. Billarreal's chest.  Defendant diagnosed her conditions as bronchitis and gingivitis, and prescribed medications for both.  The following day, Mrs. Billarreal died of a sudden cardiac arrhythmia.  Plaintiff contends that defendant deviated from the applicable standard of care in two respects: first, by misinterpreting her mother's X-rays, which allegedly revealed

## The Issue

An unanticipated issue arose on the threshold of trial: *what is plaintiff's burden of persuasion?* Defendant insists that plaintiff must prove the elements of her claim by "substantial evidence." For example, defendant's requested jury charge number nine reads as follows:

### DEFENDANT'S REQUESTED JURY CHARGE NO. 9

I charge you that the burden of proof is on the plaintiff to prove by substantial evidence each element of her claim. In this case, the burden is to prove by substantial evidence all of the following:

1. What the applicable standard of care was at the time Dr. Luckey treated Aurora B. Billarreal.

2. That at the time of Dr. Luckey's treatment of Aurora B. Billarreal, Dr. Luckey breached that standard of care.

3. That the breach of the standard of care by Dr. Luckey proximately caused the death of Aurora B. Billarreal.

In that connection, the term "proximate cause" is defined as that cause which in the nature and probable sequence of events without the intervention of any new or independent cause, produces the injury, and without which such injury would not have occurred. If the plaintiff fails to prove any of these elements by substantial evidence, then you may not return a verdict in favor of the plaintiff and against Dr. Luckey. [Emphasis supplied.]

Defendant's requested instruction is based upon "The Alabama Medical Liability Act of 1987," now codified as Alabama Code §§ 6-5-540 *et. seq.* (1993 Replace.Vol.).[3] For example, § 6-5-548(a) provides that:

---

cardiomegaly with congestive heart failure and a left pleural effusion; and, second, by not placing her mother in a hospital, where she could be appropriately monitored and treated.

[3] Ala. Code § 6-5-541 provides that the 1987 Act "is intended to supplement 'The Alabama Medical Liability Act,' Act No. 513 of the 1975 Regular Session of the Alabama Legislature," now codified at Ala. Code §§ 6-5-480 et *seq.*

2

> In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case. [Emphasis supplied.]

"Substantial evidence" is defined by the Act as "that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." *Id.* § 6-5-542(5).

On the other hand, plaintiff asserts that "a preponderance of the evidence" is the appropriate burden of persuasion. One of her requested jury instructions reads as follows:

### PLAINTIFF'S REQUESTED JURY CHARGE NO. 4

> The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant.

> To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely than not true.

> In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, the jury may, unless otherwise instructed, consider testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. [Emphasis supplied.]

Plaintiff supports her contention with a decision rendered by the Supreme Court of Alabama in April of this year: *Ex parte Gradford*, 699 So. 2d 149 (Ala. 1997). *Gradford* was a negligence action in

3

which the trial judge charged the jury that it was to "determine from the evidence, and the just and reasonable inferences therefrom, whether the Plaintiff proved by substantial evidence the allegation of negligence...." *Gradford,* 699 So. 2d at 150. The instruction was based upon one of those statutes swept into Alabama law a decade ago, when the winds of "tort reform" thundered through the State: *i.e.,* Alabama Code § 12-21-12. Prior to the "tort reform" movement,[4] Alabama courts had long said that a scintilla of evidence — "a mere gleam, glimmer, [or] spark ... in support of the theory of the complaint"[5] — would take an issue of fact to the jury. Section 12-21-12 abolished the "scintilla rule" and replaced it with the concept of "substantial evidence."[6] The statute reads as follows:

> (a) In all civil actions brought in any court of the State of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of facts. Proof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court,

---

[4] The Alabama Legislature enacted a ten-bill, "tort-reform" package during the first regular session of 1987, comprised of the following measures:

| Measure | Codification |
| --- | --- |
| Venue — Foreign Corporations | Const. Amendment |
| Venue — Forum Non Conveniens | § 6-3-21.1 |
| Venue — Foreign Causes of Action | § 6-5-430 |
| Litigation Accountability Act | §§ 12-19-270 to 276 |
| Collateral Source Rule | § 12-21-45 |
| **Substantial Evidence Rule** | § 12-21-12 |
| Punitive Damages | §§ 6-11-20 to 30 |
| Structured Judgments | §§ 6-11-1 to 7 |
| 10% Appeal Penalty | §§ 12-22-72 and 73 |
| **Medical Liability Act** | §§ 6-5-540 to 552 |

[5] Penticost v. Massey, 202 Ala. 681, 224 So. 637 (1919).

[6] As noted hereafter, the medical liability act separately addresses the scintilla and substantial evidence rules.

4

including without limitation, motions for summary judgment, motions for directed verdict, motions for judgment notwithstanding the verdict, and other such motions or pleadings respecting the sufficiency of the evidence.

(b) The scintilla rule of evidence is hereby abolished in all civil actions in the Courts of the State of Alabama.

(c) With respect to any issue of fact for which a higher standard of proof is required, whether by statute, or by rule or decision of the courts of the state, substantial evidence shall not be sufficient to carry the burden of proof, and such higher standard of proof shall be required with respect to each issue of fact.

(d) Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts.

Even so, the *Gradford* court held the trial judge's instruction error, principally because "substantial evidence" is a test for determining whether a party has presented <u>sufficient evidence</u> to allow questions of fact to go to a jury; it has nothing to do with a party's burden of <u>persuasion</u>, following submission of claims to a jury.

Clearly, the substantial evidence rule pertains only to "rulings by the court" on the sufficiency of the evidence as presented by motions for summary judgment or motions for judgment as a matter of law (the current terminology; *see* Rule 50, Ala. R. Civ. P.). No one would have suggested before the adoption of Act No. 87-184 [now codified as § 12-21-12] that the burden of proof on a plaintiff was to "reasonably satisfy the jury by a scintilla of evidence"; the burden was simply to "reasonably satisfy you [the jury] by the evidence," Instruction 8.00, *Alabama Pattern Jury Instructions:*

5

*Civil* (1st ed. 1974). That burden was not changed by the
adoption of Act No. 87-184, as the pattern jury
instruction committee apparently recognized when it did
not change Instruction 8.00 in the second edition.

*Ex parte Gradford*, 699 So. 2d at 150-51.[7]  The *Gradford* court also

rejected the instruction because of the "tendency" of the word

"substantial," as "commonly understood," to "mislead and confuse

the jury":

> The giving of such a charge is error, both because
> the substantial evidence rule has no place in the jury's
> deliberations and because the charge has a tendency to
> mislead and confuse the jury. Although the circuit court
> here instructed the jury on the legal definition of
> "substantial evidence," the repeated use of that term may
> have confused the jury because of the ambiguity of the
> word "substantial." "Substantial" may mean either "real,
> material, not seeming or imaginary" or "considerable in
> amount, value, or worth." The former meaning seems to be
> what the "substantial evidence" standard requires for an
> affirmative ruling on the question of sufficiency of the
> evidence, but the latter meaning is one that is commonly
> understood.    Thus, the jury might well understand
> "substantial evidence" to mean "more than a preponderance
> of the evidence."

*Id.* at 151-52.

Both parties thus claim a credible basis in Alabama law for

their respective, requested instructions.  This memorandum opinion

is entered to record the premises for the court's choice between

the conflicting positions.

---

[7] The second edition of Alabama's pattern jury instructions, which is
referenced by the *Gradford* court in this extract, provides in pertinent part that
"[t]he burden is upon the plaintiff to reasonably satisfy you by the evidence of
the truthfulness of the matters and things claimed by (him)(her) before the
plaintiff would be entitled to recover." 1 Alabama Pattern Jury Instructions:
Civil § 8.00 (2d ed. 1993)(emphasis supplied).

## Discussion

Precise terminology is critically important.  It is necessary to discriminate between separate and quite different concepts: rules designed to test the <u>sufficiency of evidence</u> produced by a party in support of a claim or defense (variously called the "burden of production," the "burden of going forward with the evidence," or the "risk of nonproduction"); and, rules defining a party's <u>burden of persuasion</u> (sometimes called the "risk of nonpersuasion").[8]  Vague references to "the burden of proof" should be avoided.

> The imprecise and ambiguous term "burden of proof" is too often used indiscriminately to refer to one or the other of two distinct, though related, outcome-regulating mechanisms.  These are (1) the burden of producing evidence, which relates to the sufficiency of the evidence and to motions for a directed verdict and for judgment notwithstanding the verdict, and (2) the burden of persuasion, which relates to the weight of the evidence produced and to the motion for a new trial.  It generally is said that the burden of production may pass from party to party as the case progresses while the burden of persuasion rests throughout on the party asserting the affirmative of an issue.

Jerome A. Hoffman & William A. Schroeder, *Burdens of Proof*, 38 Ala. L. Rev. 31 (1986).

It also should be recognized that the concept of "substantial evidence" did not enter Alabama law by way of the considered judgment and thoughtful recommendation of a group of eminent lawyers, jurists, and scholars gathered in academic halls.

---

[8] See Fleming James, Jr., *Civil Procedure* § 7.5 (1965).

Instead, it was the offspring of "negotiating teams"[9] assembled by the Governor, the Alabama Trial Lawyers Association, the Alabama State Bar, and the "Alabama Civil Justice Reform Committee" representing business and industrial interests within the State. The statutory provision which most concerns this court clearly reflects that heritage. For example, the Governor's Special Counsel on Tort Reform recorded that:

> In many respects the Alabama Medical Liability Act of 1987 traveled a course quite distinct from the remainder of the tort reform package, although the two were at all times inseparable [because the Alabama Civil Justice Reform Committee ("ACJRC") steadfastly insisted that unless the Medical Liability Act was approved, no other tort reform bill would be enacted. To this end the Medical Liability Act was introduced first and was the first bill called to the floor at all crucial stages of enactment]. <u>Those who drafted the Medical Liability Act had little input from those who drafted the remainder of the package, and vice versa. During the crucial Senate negotiations, ACJRC offered separate negotiating teams for the medical bill and the remainder of the package, and there was little interaction between the two groups. This accounts for the differences that exist in provisions otherwise common to each enactment</u>.

Robert D. Hunter, *Alabama's 1987 Tort Reform Legislation*, 18 Cumb. L. Rev. 281, 308 (1988)(emphasis supplied)(alteration taken from author's footnote)(hereafter, "*Hunter*").

Indeed, there <u>are</u> "differences ... in provisions otherwise common to each enactment." One of the most venomous lies coiled in the disparate definitions of "substantial evidence" that resulted from "little interaction between" the "separate negotiating teams."

_____

[9] The description belongs to Robert D. Hunter, who served as the Governor's Special Counsel on Tort Reform. See Hunter, *Alabama's 1987 Tort Reform Legislation*, 18 Cumb. L. Rev. 281, 308 (1988).

The medical liability act describes the concept as meaning "that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." Alabama Code § 6-5-542(5).  That definition is based on the law of the State of Washington. *Hunter, supra* page 8, at 311-12 (citing *Hojem v. Kelly*, 606 P.2d 275, 276 (Wash. 1980)).

On the other hand, the general tort reform provision construed in *Ex parte Gradford* defines substantial evidence as "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." Alabama Code § 12-21-12(d).  The Alabama Trial Lawyers Association proposed that construction during Senate debate, based on the decision of the Eleventh Circuit in *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 681 (11th Cir. 1984). *Hunter, supra* page 8, at 295-96.

Definitional disparities aside, the concept of substantial evidence traditionally has been understood purely as a measure for testing the sufficiency of a party's evidence to survive a motion for summary judgment, a motion for judgment as a matter of law, or a motion for judgment notwithstanding the verdict.  It never has been employed (at least, not correctly employed) as a standard for a party's burden of persuasion when advocating a claim or defense to a jury.

9

> The concept of sufficiency of the evidence is addressed to the court's function, not the jury's. The court will not submit a case to the jury unless it decides as an initial matter that the proponent has proven each of the propositions essential to his claim by *sufficient evidence* to justify or warrant a *finding in his favor upon it.*

Fleming James, Jr., *Civil Procedure* § 7.11, at 271 (1965). Rather, other standards control jury deliberations. Those standards are couched in terms of the "weight" or persuasive effect of the credible evidence accepted by the jury. Words and phrases commonly used are "preponderance," "clear and convincing," or "beyond a reasonable doubt."

> The sufficiency of the evidence is to be contrasted with the weight of the evidence. The latter term is usually used to refer to the jury's function and of course the jury is concerned with the weight of evidence at least in the sense of its persuasive effect on their own minds. This includes questions of credibility and choice among competing inferences in the particular case before them.

*Id.* at 280. See also Hoffman & Schroeder, *Burdens of Proof*, 38 Ala. L. Rev. at 54, where the authors note:

> While the jury need not be instructed upon the risks of nonproduction, it must be instructed upon the risks of nonpersuasion. It must be told not only which party bears the risks of nonpersuasion on which material propositions of fact, but also by how much a risk-bearing party's evidence must prevail over that of his opponent. The required degree of persuasiveness may be described in terms of the figurative gravity of the evidence ("weight" or "preponderance") or in terms of its effect on the mind of the fact finder ("clear and convincing" or "beyond a reasonable doubt").

That basic dichotomy between sufficiency and persuasion standards is clearly reflected in decisional law from the State of

10

Washington which, as noted above, supplied the definition of substantial evidence found in the medical liability act. Washington only applies its substantial evidence rule when reviewing the <u>sufficiency</u> of evidence. *See, e.g., Hizey v. Carpenter,* 830 P.2d 646, 657 (Wash. 1992):

> A directed verdict or judgment n.o.v. is appropriate if, when viewing the material evidence most favorably to the nonmoving party, the court can say, as a matter of law, that there is no substantial evidence or reasonable inferences to sustain a verdict for the nonmoving party.

If that is not clear enough, then consider Washington's medical liability statute, which provides that:

> the plaintiff in order to prevail shall be required to prove by a <u>preponderance of the evidence</u> that the defendant or defendants failed to exercise that degree of skill, care, and learning possessed at that time by other persons in the same profession ...."

Wash. Rev. Code § 4.24.290 (1995)(emphasis supplied).

In like manner, the Eleventh Circuit — the sire of that definition of substantial evidence found in § 12-21-12 — also employs the concept of substantial evidence only as a standard for determining the sufficiency of evidence. See, for example, *Boeing Company v. Shipman,* 411 F.2d 365, 374-75 (5th Cir. 1969),[10] holding that:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all

---

[10] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit cases submitted or decided prior to October 1, 1981.

reasonable inferences most favorable to the party opposed
to the motion.   If the facts and inferences point so
strongly and overwhelmingly in favor of one party that
the Court believes that reasonable men could not arrive
at a contrary verdict, granting of the motions is proper.
On the other hand, if there is substantial evidence
opposed to the motions, that is, evidence of such quality
and weight that reasonable and fair-minded men in the
exercise of impartial judgment might reach different
conclusions, the motions should be denied, and the case
submitted to the jury.   A mere scintilla of evidence is
insufficient to present a question for the jury.   The
motions for directed verdict and judgment n.o.v. should
not be decided by which side has the better of the case,
nor should they be granted only when there is a complete
absence of probative facts to support a jury verdict.
There must be a conflict in substantial evidence to
create a jury question.   However, it is the function of
the jury as the traditional finder of the facts, and not
the Court, to weigh conflicting evidence and inferences,
and determine the credibility of witnesses.   [Emphasis
added; footnote omitted.]

Another judge of this court confronted the issue raised

herein.   In *Gallups v. Crook*, 792 F. Supp. 1232 (N.D. Ala. 1992),

United States District Judge William M. Acker was asked to instruct

a jury that the plaintiff's burden of persuasion in an Alabama

medical malpractice action was to prove a deviation from the

applicable standard of care by "substantial evidence."   Judge Acker

refused for reasons similar to those discussed above.

For a federal court to use the new Alabama terminology in
a jury charge would be for the court to abdicate its
obligation to discriminate between "substantial evidence"
to justify submission to the jury and "insubstantial
evidence", which keeps the case from the jury.   It would
be an intolerable anomaly to give to the jury a case
which already has passed the court's "substantial
evidence" test and then to tell the jury that it can only
find for the plaintiff in the event the plaintiff has
proven his case by "substantial evidence", which,
incidentally, the court has just found to exist.

12

*Id.* at 1233; *cf. Ex parte Gradford*, 699 So. 2d at 150-51 ("No one would have suggested before the adoption of [§ 12-21-12] that the burden of proof on a plaintiff was to 'reasonably satisfy the jury by a scintilla of evidence'").

Judge Acker wielded a well settled principle as a machete, to clear his way through the tangle: "in diversity cases federal courts apply a federal rather than a state test for the sufficiency of evidence to create a jury question." *Gallups*, 792 F. Supp. at 1234 (quoting *Boeing Company v. Shipman*, 411 F.2d at 368). This court is inclined to follow the trail he blazed, as the only discernible path through the thickets of nonsense and confusion thickly planted by the "separate negotiating teams" and their legislative cohorts. The rub lies in the fact that the principle relied upon by Judge Acker does not apply to burdens of <u>persuasion</u>. Burdens of persuasion are considered matters of state substantive law, binding upon this court in a diversity case. *See, e.g., Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); *Wynfield Inns v. Edward Leroux Group, Inc.*, 896 F.2d 483 (11th Cir. 1990); 19 Charles Alan Wright, *et. al., Federal Practice and Procedure* § 4512.

And, it is unequivocally clear the Alabama Legislature intends the "substantial evidence" standard to be utilized as the plaintiff's burden of persuasion in cases like this one. The Legislature amended the Medical Liability Act of 1987 just last

13

year.[11]   In its infinite wisdom, the Legislature added the

following, emphasized sentence to the end of § 6-5-549:

> **§ 6-5-549. Standard of proof shall be by substantial
> evidence; scintilla rule of evidence abolished.**
>
>       In any action for injury or damages or wrongful
> death, whether in contract or in tort, against a health
> care provider based on a breach of the standard of care
> the minimum standard of proof required to test the
> sufficiency of the evidence to support any issue of fact
> shall be proof by substantial evidence. In all such
> actions, whether arising in tort or in contract, the
> scintilla rule of evidence is abolished.   In all
> pleadings or motions filed in such actions testing the
> sufficiency of the evidence to support an issue of fact,
> including but not limited to motions for summary
> judgment, motions for directed verdict, motion for
> judgment notwithstanding the verdict, and any other such
> motions or pleadings respecting the sufficiency of the
> evidence, the standard of proof required shall be proof
> by substantial evidence. **In the case of a jury trial,
> the jury shall be instructed that in order to return a
> verdict against a health care provider, <u>the jury shall be
> reasonably satisfied by substantial evidence</u> that the
> health care provider failed to comply with the standard
> of care and that such failure probably caused the injury
> or death in question.**

That statutory accretion effectively bars the application of

*Gallups* and *Gradford* to Alabama medical liability actions.   It also

takes one large step beyond nonsense into the realm of mischief.

     It is clear beyond peradventure that "Alabama's legislature in

1987 ... intended to make it <u>harder</u> for a plaintiff to recover

damages for medical malpractice." *Gallups,* 792 F. Supp. at 1232.

---

[11] See "The Alabama Medical Liability Act of 19**96**," now codified at Ala.
Code §§ 6-5-548 to -549.1 (Supp. 1996).  The 1996 Act is applicable, even though
passed after plaintiff commenced this action: "This section and Sections 6-5-548
and 6-5-549 apply to all actions pending against health care providers at the
time of the effective dates of the sections." Ala. Code § 6-5-549.1(e).

14

Yet, if this court instructs the jury in a manner consistent with the commonly understood definition of the substantial evidence rule, that would be diametrically opposed to the intent of the Legislature: *i.e.,* it would be <u>easier</u> for a plaintiff to recover damages for medical malpractice.   As Judge Acker observed in *Gallups*, proof by "substantial evidence" is a <u>lower</u> standard than proof by a "preponderance of the evidence."

> Another complication is added when it is realized that proof by "preponderance of the evidence" may be a higher standard of proof than proof by "substantial evidence". The Fourth Circuit in *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966), explained it this way:
>
> > Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. [Sound familiar?] It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.   If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence".

*Gallups*, 792 F. Supp. at 1233-34 (alteration in original).[12]

---

[12] The observations of Judge Acker in *Gallups* and the Fourth Circuit in *Laws* are bolstered by the procedures utilized by this court when considering appeals from Administrative Law Judges.   In such cases, the scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the ALJ, and "substantial evidence" as thus used is defined as more than a scintilla, but less than a preponderance.   *E.g.*, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). *See also* Black's Law Dictionary 1428 (6th ed. 1990), defining substantial evidence as follows:

> Evidence which a reasonable mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence <u>but may be somewhat less than a preponderance</u>.

15

Indeed, if all standards used to gauge the sufficiency and persuasive effect of evidence are viewed as but segments of a continuum,[13] then the hierarchical scale of values may look something like this:

**Unequivocal Evidence**[14]

**Beyond a Reasonable Doubt**

**Clear and Convincing Evidence**

{ **Preponderance of the Evidence**
{ **Greater Weight of the Evidence**
**Sufficient Evidence to "Reasonably Satisfy" the Jury**[15]

| SUBSTANTIAL EVIDENCE |
| --- |

{ **Any Evidence**
**Scintilla of Evidence**

**No Evidence**

This, then, is a most curious situation. Perhaps the Alabama Legislature, like Humpty Dumpty in the allegory drawn by Lewis Carroll in *Through the Looking-Glass*, believed it could make the term, "substantial evidence," mean something entirely different from its accepted construction.

> "When I use a word," Humpty Dumpty said in a rather scornful tone, "it means just what I choose it to mean — neither more nor less."

---

[13] *See, e.g.,* Jerome A. Hoffman, *Alabama's Scintilla Rule,* 28 Ala. L. Rev. 592, 601 (1977):

> Thus, determination of sufficiency and weight spring not from concepts different in kind, but from two different applications of the principles of inductive reasoning, tempered by important political considerations about the division of authority and responsibility between judge and jury. [Emphasis supplied.]

[14] "Unequivocal," when used in reference to the burden of persuasion, "implies proof of the highest possible character and it imports proof of the nature of mathematical certainty." Black's Law Dictionary 1528 (6th ed. 1990).

[15] "Reasonable satisfaction" is the traditional Alabama standard: see note 7 *supra.*

16

> "The question is," said Alice, "whether you _can_ make words mean different things."
>
> "The question is," said Humpty Dumpty, "which is to be the master — that's all."

### Conclusion

Our federal system nevertheless compels this court to apply Alabama substantive law in a diversity action, no matter how ludicrous it may seem. _Erie R.R. v. Tompkins_, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Accordingly, this court will deny plaintiff's requested charge and instruct the jury substantially as asked by defendant. While the words spoken may sound to the ears of a common-law lawyer like some nonsensical gibberish from Alice in Wonderland, in this area of Alabama law Humpty Dumpty mulishly mastered all the King's horses.[16]

**DONE** this the _11th_ day of December, 1997.

United States District Judge

---

[16] Some wag once observed that a camel was a horse designed by a legislative committee. Adopting that metaphor, the work of the Alabama Legislature in the area of medical liability is a mule — the bastard offspring of intercourse among lawyers, legislators, and lobbyists, having no pride of ancestry and no hope of posterity.

17